UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN WALKER,                              :
                                           :   CIVIL ACTION NO. 3:11-CV-1750
            Plaintiff                      :
                                           :   (Judge Nealon)
    v.                                     :   (Magistrate Judge Blewitt)
                                           :
JEROME W. WALSH, et al.,                   :
            Defendants                     :

## MEMORANDUM

On September 20, 2011, Plaintiff, Edwin Walker, an inmate currently confined at the State Correctional Institution- Dallas ("SCI- Dallas"), Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis. (Docs. 1, 3). Named as Defendants are Jerome Walsh, Superintendent at SCI- Dallas; Gary Gordon, a supervisory major of the Unit Managers at SCI- Dallas; Michael Goyne, Unit Manager at SCI- Dallas; and Dorian Varner,[1] the chief grievance officer for the Pennsylvania Department of Corrections ("DOC"). (Doc. 1, p. 2). Plaintiff, a sixty-eight (68) year old male, alleged that he was unnecessarily assigned to a top bunk in violation of prison policy. (Id. at pp. 3-4). Plaintiff alleged that he fell out of bed, which did not have safety rails, and suffered numerous injuries including two (2) broken ribs and a busted lip. (Id.). He claimed that Defendants were deliberately indifferent by failing to protect him and conspired to deny his grievances. (Id.).

Pursuant to the screening requirements of the Prison Litigation Reform Act ("PLRA"), Magistrate Judge Martin C. Carlson reviewed the complaint. See Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915A(a); Kennedy v. S.C.I. Rockview Emples., 2010 U.S.

---

[1]Incorrectly spelled "Verner" in the Complaint.

1

FILED
SCRANTON

FEB 0 1 2012

Per_____
DEPUTY CLERK

Dist. LEXIS 123545, *4 (M.D. Pa. 2010) (Caputo, J.) ("Under 28 U.S.C. § 1915A, a court shall review a complaint filed by a prisoner in a civil action and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted."). On September 21, 2011, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") concluding that Plaintiff asserted a claim against Defendant Goyne but that the complaint fails to state a claim against the other Defendants. (Doc. 6). The R&R recommends that the claims against Defendants Walsh, Gordon, and Varner be dismissed without prejudice, allowing Plaintiff twenty (20) days to file an amended complaint. On October 6, 2011, Plaintiff filed objections to the R&R and another motion for leave to proceed in forma pauperis. (Docs. 8, 9). The matter is ripe for disposition and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review- R&R**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only

review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Standard of Review- Screening**

The R&R explains a court's screening obligations pursuant to 28 U.S.C. § 1915A. (Doc. 6, p. 3). Magistrate Judge Carlson determines that the grounds for dismissal under section 1915A, "if the complaint ... fails to state a claim upon which relief may be granted" mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, providing that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." (Id. at p. 4) (citing 28 U.S.C. § 1915A; FED. R. CIV. P. 12(b)(6)). The Report states that the court must accept as true all allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff; however, the court "need not credit a complaint's bald assertions or legal conclusions." (Id. at p. 5) (quoting Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)). The factual allegations must be enough to raise a right to relief above the speculative level and, further, a court need not assume that a plaintiff can prove facts not alleged. (Id.), quoting Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Finally, a civil

rights complaint must comply with Federal Rule of Civil Procedure 8(a). (Doc. 6, p. 7), citing FED. R. CIV. P. 8(a) (requiring a "short and plain" statement of a cause of action).

Upon review, this Court will adopt the Report's discussion of the applicable standard of review. Plaintiff's objection that the Magistrate Judge "believe[s] that factual allegations are and should be ignored" is clearly meritless and will be overruled. See (Doc. 8, p. 4). Additionally, this Court recognizes that pro se complaints are to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**The R&R**

Magistrate Judge Carlson assesses Plaintiff's claims to allege that Defendants displayed deliberate indifference by placing Plaintiff, an elderly inmate, in a top bunk and by their failure to promptly obtain medical treatment for him following his fall from bed. (Doc. 6, p. 2). The R&R finds that the Complaint further alleged that Defendants conspired to provide Plaintiff with unsatisfactory answers to his grievances regarding the incident. (Id.).

The Magistrate Judge concludes that the Complaint fails to state a claim against Defendants Walsh, Gordon, and Varner because the only facts alleged are that these prison officials held supervisory posts or processed Plaintiff's grievances regarding his medical care. (Doc. 6, p. 7). The Report discusses the "exacting burden" an inmate must meet to support an Eighth Amendment claim. (Id. at pp. 7-8). Specifically, Plaintiff must "point to evidence that demonstrates both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." (Id.) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Deliberate indifference in this context involves the "unnecessary and wanton infliction of pain." (Id. at pp. 8-9) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976);

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001)). Neither negligent treatment nor the mere disagreement as to the proper course of treatment is sufficient to establish a constitutional violation. (Id. at pp. 9-10) (citing Estelle, 429 U.S. at 106; Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997)); Rouse, 182 F.3d at 197 (holding that claims of mere negligence do not constitute deliberate indifference).

Moreover, "liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice." (Id. at p. 11) (citing Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." (Id. at pp. 11-12) (quoting Ashcroft, 556 U.S. 662; Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)).

Additionally, the R&R states that prisoners cannot "sustain Eighth Amendment claims against prison officials based solely upon assertions that those officials failed to adequately investigate their past grievances." (Doc. 6, p. 12). Magistrate Judge Carlson explains that "[i]nmates do not have a constitutional right to a prison grievance system." (Id.) (citing Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 137 (1977); Speight v. Sims, 283 F. App'x 880 (3d Cir. 2008)). Further, "dissatisfaction with response to an inmate's grievances does not support a constitutional claim." (Id. at p. 13) (citing Alexander v. Gennarini, 144 F. App'x. 924 (3d Cir. 2005)).

Magistrate Judge Carlson concludes that Plaintiff's claims against Defendants Walsh, Gordon, and Varner are based on respondeat superior liability and Plaintiff's dissatisfaction with

5

their handling of his grievances. (Doc. 6, p. 14). Accordingly, the Magistrate Judge determines that these Defendants are entitled to dismissal. (Id.). However, because pro se plaintiffs should often be permitted to amend their complaints before outright dismissal, the R&R recommends that Plaintiff be given an opportunity to file an amended complaint addressing the deficiencies discussed therein. (Id.) (citing Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007)). The R&R further finds that Plaintiff did state a claim against Defendant Goyne by alleging Goyne's direct involvement in the events leading up to Plaintiff's injury. (Id. at p. 2).

**Discussion**

After de novo review, this Court agrees with the findings and recommendations in the R&R. In his objections, Plaintiff incorrectly states that the Report recommends dismissal of Defendants Walsh, Gordon, and Varner based on the flawed premise that Plaintiff is required to prove he suffered an injury that was not caused by these defendants. (Doc. 8, p. 5). Rather, Magistrate Judge Carlson concludes that the Complaint failed to allege personal involvement by these Defendants. (Doc. 6). Consequently, Plaintiff's objection in this regard will be overruled.

Plaintiff also disagrees with the Magistrate Judge's application of the deliberate indifference standard. (Doc. 8, pp. 1-2). He argues that the Complaint alleged that "each act in regards to each Defendant complied with the meeting of the mind." (Id.). Plaintiff asserts that deliberate indifference can be inferred from an official's failure to respond to a known risk, through a pattern of negligent conduct, or from the intentional interference with prescribed treatment. (Id. at pp. 2-3).

This objection fails because, inter alia, the Complaint did not allege a specific "act in

6

regards to each Defendant." The only allegations against Defendant Walsh are in his supervisory role. (Doc. 1, pp. 5, 7); see Williams v. Beard, 2011 U.S. Dist. LEXIS 17562, *6 (M.D. Pa. 2011) (Caldwell, J.) (dismissing the inmate's claims, that he should not have been assigned to the top bunk given his nervous medical condition, against the superintendent because the complaint did not allege personal involvement, specifically how the superintendent participated in the decision to assign the inmate to a top bunk). The allegations against Defendant Varner arise from her position as grievance coordinator. (Id. at 6-7); see Williams, 2011 U.S. Dist. LEXIS 17562 at *6 (holding that "after-the-fact knowledge of the alleged events via the grievance system is insufficient to allege [his] personal involvement"), citing Rode, 845 F.2d at 1208. Upon review, this Court concludes that the R&R correctly explains why these allegations are insufficient to impute liability. See (Doc. 6, p. 14).

As to Plaintiff's argument that deliberate indifference can be inferred, this Court finds that the Complaint did not plead sufficient facts. The Complaint alleged that the "risk should have been apparent[]" and that Defendants should have known about the defective beds because over the past eight (8) years numerous inmates have fallen off the top bunks. (Doc. 1, pp. 3, 17). However, a "defendant prison official must both 'know[] of and disregard[] an excessive risk to inmate health or safety.'" Beers-Capitol, 256 F.3d at 133 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "The knowledge element of deliberate indifference is subjective, ... meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Id. at p. 133. Here, there are no allegations that the supervisory Defendants knew about Plaintiff's top bunk assignment. See Farrington v. Vaughn, 1990 U.S. Dist. LEXIS 13791 (E.D. Pa. 1990) (dismissing an inmate's civil rights complaint,

alleging that due to his age he was injured while attempting to climb down from the top bunk, against the prison superintendent because the plaintiff failed to allege any facts indicating that the superintendent participated in or had actual knowledge of and acquiesced in the events giving rise to the complaint). Additionally, assuming knowledge could be imputed regarding the lack of safety rails on the top bunks, such conditions do not pose an excessive risk of serious harm. See Patton v. Doran, 3:04-cv-2233 (M.D. Pa. September 20, 2005) (Munley, J.) at (Doc. 28, pp. 3, 5) (Even assuming personal involvement could be inferred, the Court determined that the inmate's allegation that prison officials acted with deliberate indifference by failing to install safety rails on top bunks fails to state a claim because the condition did not create a substantial risk of serious harm). Consequently, this objection will be overruled.

Next, this Court finds that the Complaint did allege personal involvement by Defendant Gordon in deciding to remove Plaintiff from, and return him to, Unit 6;[2] however, this conduct does amount to a constitutional violation. (Doc. 1, pp. 5, 7). Importantly, an "inmate does not have a right to be placed in the cell of his choice." Sheehan v. Beyer, 51 F.3d 1170, 1174 (3d Cir. 1995) (concluding that the inmate "had no constitutional right to remain in Unit 3-C instead of Unit 2-R"), citing Hewitt v. Helms, 459 U.S. 460, 468 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Similarly, "an inmate does not have a constitutional right to placement in any particular prison or to any specific custody classification and ... a prison transfer does not constitute cruel and unusual punishment." Davis v. Bledsoe, 2012 U.S. Dist. LEXIS 6913, *8 (M.D. Pa. 2012) (Nealon, J.) (citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v.

---

[2] All other allegations against Defendant Gordon are in his supervisory role. See (Doc. 1, pp. 5, 7).

8

Daggett, 429 U.S. 78, 88 (1976)). Therefore, Plaintiff's allegation of deliberate indifference for Defendant Gordon's decisions to remove him from, and not return him to, Unit 6 after his fall does not state a constitutional claim and is subject to dismissal.

For these reasons, the allegations against Defendant Goyne for not returning Plaintiff to Unit 6 similarly fail to state a cognizable claim. See (Doc. 1, p. 7).

However, the Complaint further alleged that Defendant Goyne failed to protect Plaintiff by not placing him in a bottom bunk, which led to Plaintiff's injuries. (Id. at p. 6). The R&R, applying liberal construction principles, finds that the allegations against Defendant Goyne in the events leading up to Plaintiff's injuries state a claim for relief. (Doc. 6, pp. 2-3).

Prison officials violate the Eighth Amendment for failure to protect a prisoner when the inmate is "incarcerated under conditions posing a substantial risk of serious harm" and the prison official was "deliberately indifferent" to the inmate's health or safety. Farmer, 511 U.S. at 834. The plaintiff must show that the official knew of and disregarded a substantial risk of serious harm. Id. at 837.

It is not clear from the instant Complaint whether Plaintiff is alleging that the "risk" was the use of bunk beds without safety rails or was assigning a sixty-eight (68) year old inmate to a top bunk. See (Doc. 1, pp. 3, 6, 17). Assuming the former, the claim fails against all Defendants, regardless of their personal involvement. In Patton, the Honorable James M. Munley of this Court held that "[f]ailing to install safety rails on an upper bunk of a set of bunk beds that is to be exclusively utilized by adults does not constitute a condition which would pose an unreasonable risk of future injury." Patton, 3:04-cv-2233 at (Doc. 28, pp. 3, 5); see also Hall v. Wagner, 2010 U.S. Dist. LEXIS 115623, *9-12 (E.D. Pa. 2010) (determining that the inmate,

9

who claimed that he fell out of the top bunk because the frame broke, alleged "mere negligence or an accidental injury" and did not set forth a deliberate indifference or cruel and unusual punishment claim); Daugherty v. Hense, 2009 U.S. Dist. LEXIS 111637 (E.D. Cal. 2009) (stating that "a lack of a guard rail or safety bar to prevent Plaintiff from rolling and falling out of his bed is not grave enough to form the basis of a viable Eighth Amendment claim").

If, on the other hand, Plaintiff is complaining about his assignment to a top bunk despite his age, he may have a cognizable claim. However, the Undersigned is not as confident as the Magistrate Judge that the Complaint alleges sufficient facts, see Mulazim v. Corrigan, 7 Fed. Appx. 427, 429-30 (6th Cir. 2001) (dismissing the inmate's claim that he was improperly assigned to a top bunk despite his age, 56 years, because, inter alia, the complaint did not allege facts that the defendants consciously disregarded a serious risk of harm to the inmate's use of the top bunk that constituted an unnecessary and wanton infliction of pain); Sanderson v. Green, 2011 U.S. Dist. LEXIS 16669, *12-13 (S.D. Ga. 2011) (holding that "the cases establishing that intentional interference with a prescription for medical treatment violates the Eighth Amendment were not sufficient to give Defendant fair warning that requiring Plaintiff to take the top bunk despite his bottom bunk profile constituted unconstitutional deliberate indifference"); Felix-Torres v. Graham, 2009 U.S. Dist. LEXIS 98693, *53 (N.D. N.Y 2009) ("Negligently failing to cause a prisoner to be assigned to a lower bunk does not satisfy the subjective element of the legal standard governing claims of deliberate indifference to a serious medical need under the Eighth Amendment."), but given the recommendation that Plaintiff be allowed to file an amended complaint, the R&R will not be overruled. Notably, the Complaint alleged that it is against prison policy to place an inmate over sixty (60) years of age on the top bunk, but failed to

cite to the applicable policy. See (Doc. 1, p. 3). The only policy this Court is aware of that dictates which inmates must be assigned to a bottom bunk is Pa DOC policy statement DC-ADM 006, regarding Reasonable Accommodations for Inmates with Disabilities, and states: "A visually impaired inmate shall be given bottom bunk status." This policy does not apply to the instant facts. Nevertheless, after drawing all reasonable inferences in the light most favorable to Plaintiff and accepting as true that Defendant Goyne is responsible for making sure all inmates receive proper accommodations, see (Doc. 1, p. 6), this Court will accept the Report's conclusion that the Complaint does state a claim against Defendant Goyne.

Next, Plaintiff contends that because he raised a cognizable claim against Defendant Goyne, his conspiracy arguments should support a claim against the remaining Defendants. (Doc. 8, p. 2). Plaintiff argues that a "conspiracy may be inferentially established by showing the relationship, conduct or circumstances of the confederate which demonstrate a unity of purpose to accomplish an unlawful act." (Id.) (quoting Commonwealth v. Cooper, 240 Pa. Super. 477, 485 (Pa. Super. 1976)). The Complaint alleged that the conspiracy became apparent in the responses to his grievances. (Doc. 1, p. 4). Specifically, Plaintiff claimed that Defendant Varner tried to cover up his injuries by not exercising her duty as a grievance appeal officer. (Id. at p. 6). However, even accepting as true Plaintiff's allegations that his grievances were not properly responded to, there are no factual allegations from which this Court can infer a conspiracy. (Id. at pp. 4, 6). Moreover, Plaintiff's grievances relate only to Plaintiff's request to return to Unit 6 after his fall, see (Doc. 1, pp. 10-16), but this Court has explained that such decisions, even if true, do not state a constitutional violation. This objection will therefore be overruled.

This Court finds that the Complaint also alleged deliberate indifference by Defendants for

not obtaining prompt medical attention for Plaintiff after his fall, but that it did not state that any of the named Defendants were present following the fall or even on duty at that time. Clearly, there is insufficient evidence of their personal involvement. Moreover, although the Complaint alleged Plaintiff was "unconscious for about twenty (20) minutes until medical help came," (Doc. 1, p. 4) (stating that Plaintiff was then transported to the nearest hospital emergency room for treatment), it did not allege the reasons for the delay. See Smith v. O'Boyle, 251 Fed. Appx. 87, 89 (3d Cir. 2007) (concluding that the two hour delay before the plaintiff, who was in severe pain and not provided any pain medication, was taken to the medical department for treatment was not evidence of deliberate indifference); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (holding that a court may only find deliberate indifference where the prison official delays medical treatment based on a non-medical reason or prevents a prisoner from receiving recommended medical care). Accordingly, Plaintiff's claim regarding prompt medical attention will also be dismissed.

In his objections, Plaintiff asserts that he raised a claim under the Americans With Disabilities Act ("ADA"). (Doc. 8, pp. 3-4). After de novo review, this Court finds that Plaintiff did not sufficiently allege that he was discriminated against by reason of a disability. See 42 U.S.C. § 12132. Neither Plaintiff's age or the injuries he suffered from his fall meet the definition of "disability" under the ADA. See 42 U.S.C. § 12102(A) ("The term 'disability' means, with respect to an individual– ... a physical or mental impairment that substantially limits one or more major life activities of such individual."). Accordingly, his objections in this regard will be overruled.

Next, Plaintiff's objection that the Magistrate Judge is not complying with Rule 12(b)

because the R&R recommends dismissal prior to discovery is meritless. (Doc. 8, p. 4); Twombly, 550 U.S. 544 (stating that "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct"); Gera v. Pennsylvania, 2007 U.S. Dist. LEXIS 77772, *7 (M.D. Pa. 2007) (Munley, J.) (rejecting the pro se plaintiff's argument "that the preliminary screening ..., which led to dismissal of his complaint before the parties undertook any discovery, represented a manifest injustice which requires correction").

This Court also finds no merit to Plaintiff's objection regarding service of the Complaint because the findings and recommendations in the R&R do not depend on whether or not Plaintiff effectuated service. (Doc. 8, p. 2).

In the memorandum of law in support of Plaintiff's claims, attached to the Complaint, Plaintiff complains that SCI- Dallas charges $5.00 for sick call visits and medication. (Doc. 1, p. 18). Although not discussed in the R&R or in Plaintiff's objections, this Court finds that such charges are not unconstitutional and therefore fail to state a claim. See 37 Pa. Code § 93.12 (providing that the fee the DOC may charge for certain medical services is $5.00); Burns v. Pa Dep't of Corr., 642 F.3d 163, 168 (3d Cir. 2011) (acknowledging the right of the DOC to charge for medical treatment).

Consistent with the R&R, this Court will direct Plaintiff to file an amended complaint. Notably, it appears that the Complaint attempts to state claims regarding Plaintiff's placement in a top bunk despite his age, the fact that the bunk bed does not have safety rails, the twenty (20) minute delay in medical attention after his fall, and the decision not to return him to Unit 6. However, the grievances attached to the Complaint relate only to Plaintiff's request to return to Unit 6 after his fall. (Doc. 1, pp. 10-16). This Court acknowledges that failure to exhaust is an

affirmative defense, but cautions Plaintiff about raising claims in his amended complaint that have not been fully exhausted. See Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Webster v. DeParlos, 2011 U.S. Dist. LEXIS 149216 (M.D. Pa. 2011) (Rambo, J.) (granting the motion to dismiss the amended complaint, which included claims surrounding the inmate's fall from the top bunk, based on the inmate's failure to exhaust his administrative remedies); Farmer v. United States, 2009 U.S. Dist. LEXIS 18976 (M.D. Pa. 2009) (Jones, J.). Plaintiff is also warned against restating claims in the amended complaint that fail as a matter of law, as explained herein.

Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)).

**Conclusion**

After de novo review, this Court will adopt the R&R. This Court agrees that the Complaint failed to allege the personal involvement of Defendants Walsh, Varner, or Gordon in any constitutional violations. Although the Magistrate Judge finds that Plaintiff stated a claim against Defendant Goyne, this Court disagrees with Plaintiff's argument that he alleged sufficient

facts to support a conspiracy claim with the supervisory Defendants. The R&R will be adopted and Plaintiff will be directed to file an amended complaint curing the deficiencies outlined in the R&R and in this Order. Plaintiff's failure to comply will result in the dismissal of Defendants Walsh, Gordon, and Varner, and the claims against Defendant Goyne that fail as a matter of law.

A separate Order will be issued.

Date: February 1, 2012

United States District Judge