UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN WALKER,  :
                         :  CIVIL ACTION NO. 3:11-CV-1750
      Plaintiff  :
                         :  (Judge Nealon)
v.                       :  (Magistrate Judge Carlson)
                         :
JEROME W. WALSH, et al.,  :
      Defendants  :

FILED
SCRANTON

MAY 3 - 2012

PER _____ DEPUTY CLERK

## MEMORANDUM

On September 20, 2011, Plaintiff, Edwin Walker, an inmate currently confined at the State Correctional Institution in Dallas, Pennsylvania ("SCI- Dallas"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff, a sixty-eight (68) year old male, alleged that he was improperly assigned to a top bunk in violation of prison policy. (Id. at pp. 3-4). Plaintiff alleged that he fell out of bed, which did not have safety rails, and suffered numerous injuries including two (2) broken ribs and a busted lip. (Id.). He claimed that Defendants were deliberately indifferent by failing to protect him and intentionally interfering with medical treatment and conspired to deny his grievances. (Id.). Plaintiff alleged a violation of the Americans With Disabilities Act ("ADA") and claimed that he was wrongfully removed from Unit 6.[1] (Id. at pp. 3, 5). Named as Defendants were Jerome Walsh, Superintendent at SCI- Dallas; Gary Gordon, a supervisory major of the Unit Managers at SCI- Dallas; Michael Goyne, Unit Manager at SCI- Dallas; and Dorian Varner,[2] the chief grievance officer for the Pennsylvania Department of Corrections ("DOC"). (Id. at p. 2).

---

[1] Plaintiff refers to Unit 6 and O-Block interchangeably.

[2] Incorrectly spelled "Verner" in the complaint.

1

Magistrate Judge Martin C. Carlson immediately screened the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) and issued a Report and Recommendation ("R&R") concluding that Plaintiff asserted a claim against Defendant Goyne but failed to state a claim against the other Defendants. (Doc. 6). The R&R recommended that the claims against Defendants Walsh, Gordon, and Varner be dismissed without prejudice and that Plaintiff be permitted to file an amended complaint. (Id.).

On February 1, 2012, after reviewing Plaintiff's objections to the R&R, this Court adopted the Magistrate Judge's recommendations. (Docs. 14, 15). This Court agreed with Magistrate Judge Carlson that because the only allegations against Defendant Walsh were in his supervisory role and against Defendant Varner as the grievance coordinator, they must be dismissed. (Doc. 14, p. 7). Additionally, although it was determined that the complaint alleged personal involvement by Defendant Gordon in deciding to remove Plaintiff from, and not return him to, Unit 6, this conduct does not amount to a constitutional violation. (Id. at p. 8). All other allegations against Defendant Gordon were in his supervisory role and failed to state a claim. (Id. at n.2). The Undersigned concluded that the claim against Defendant Goyne for not returning Plaintiff to Unit 6 also failed to state a cognizable claim, but the allegations that Defendant Goyne failed to protect Plaintiff by not placing him in a bottom bunk, which led to Plaintiff's injuries, were sufficient to survive the motion to dismiss stage. (Id. at p. 9). This Court explained, however, that only the decision to assign a sixty-eight (68) year old inmate to a top bunk, and not the use of bunk beds without safety rails, was cognizable. (Id. at p. 10). Plaintiff's remaining allegations of conspiracy and deliberate indifference were dismissed as legally insufficient. (Id. at pp. 11-12). Further, this Court held that because Plaintiff failed to

adequately allege that he was discriminated against by reason of a disability and that neither his age nor his injuries met the definition of "disability", his ADA claim must be dismissed. (Id. at p. 12). This Court allowed Plaintiff to file an amended complaint, but cautioned him against raising unexhausted claims and advised him that the "amended complaint must be complete in all respects." (Id. at pp. 13-14) (recognizing that failure to exhaust is an affirmative defense, but noting that the grievances attached to the complaint did not challenge Plaintiff's placement in a top bunk or delayed medical attention), citing Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.).

On February 22, 2012, Plaintiff filed an amended complaint. (Doc. 16). Magistrate Judge Carlson screened[3] the amended complaint and, on March 6, 2012, issued an R&R recommending that it be dismissed with prejudice as to Defendants Walsh, Gordon, and Varner, but that the original complaint be served on Defendant Goyne. (Id.). On March 26, 2012, Plaintiff filed objections to the R&R. (Docs. 18-19). For the reasons set forth below, the R&R will be adopted.

**Standard of Review**[4]

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to

---

[3]Kennedy v. S.C.I. Rockview Emples., 2010 U.S. Dist. LEXIS 123545, *4 (M.D. Pa. 2010) (Caputo, J.) ("Under 28 U.S.C. § 1915A, a court shall review a complaint filed by a prisoner in a civil action and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

[4]The standard of review for screening complaints pursuant to 28 U.S.C. § 1915A was thoroughly explained by Magistrate Judge Carlson in the R&R and by this Court in its Memorandum dated February 1, 2012. (Doc. 14, pp. 3-4); (Doc. 17, pp. 4-8). It will not be repeated herein.

which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). Conversely, in the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 337 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Discussion**

Magistrate Judge Carlson concludes that the amended complaint still fails to state a claim against the prison supervisory Defendants, Walsh, Gordon, and Varner. (Doc. 17, p. 8). Specifically, the R&R states that the amended complaint "names these supervisory prisons officials as defendants, but remains largely bereft of any factual allegations regarding direct misconduct [by any of] these individual defendants." (Id.). The Magistrate Judge explains that "liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and

acquiescence in the challenged practice." (Id. at p. 9), citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). The Magistrate Judge concludes that Plaintiff merely lists Defendants Gordon and Varner in the caption of the amended complaint, but fails to set forth any basis for a claim against them in the body of his pleading, which is insufficient. (Doc. 17, pp. 10-11) (citing Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007)). Additionally, the R&R finds that the allegations against these Defendants is grounded on Plaintiff's dissatisfaction with their responses to his grievances. (Id. at p. 11). Magistrate Judge Carlson determines that such claims fail because inmates do not have a constitutional right to a prison grievance procedure system. (Id.), citing Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 137-38 (1977). Further, the R&R states that Plaintiff cannot base a claim on a prison official's decision to transfer him from one housing unit to another because prisoners do not have a right to any particular custody classification. (Doc. 17, pp. 13-14) (citing Moody v. Daggett, 429 U.S. 78, 88 (1976)).

In his objections, Plaintiff argues that the R&R incorrectly states that a supervisor may not be liable for the acts of his subordinates. (Docs. 18, 19).[5] Plaintiff asserts that a supervisor may be liable "for his deliberate indifference to the right of others by his failure to act on information... or for his gross negligence in failing to supervise..., providing that the Plaintiff can show an affirmative causal link between the supervisor's inaction and [Plaintiff's] injury." (Id.). Plaintiff quotes the Second Circuit Court of Appeals decision in Blyden wherein the Court stated that a supervisor may be found personally involved if: "[He], after learning of the violation

---

[5]The content of Plaintiff's objections in Documents 18 and 19 are identical.

through a report or appeal, may have failed to remedy the wrong...." Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

After de novo review, this Court will adopt the legal standards set forth in the R&R, which recognize that a supervisor may be held liable for the acts of his subordinates if he directed or actually knew of and acquiesced in the misconduct. See (Doc. 17, pp. 8-10); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff's objections in this regard will be overruled.

Applying these legal standards, Magistrate Judge Carlson correctly determined that Plaintiff's allegations do not establish personal involvement of the supervisory Defendants. Although the Magistrate Judge states that Plaintiff lists Defendants Gordon and Varner in the caption of the amended complaint, but fails to allege facts supporting a claim against them in the body of his pleading, this Court concludes that Plaintiff failed to even name these Defendants in the caption. Rather, the caption of the amended complaint reads: "EDWIN WALKER, Plaintiff v. JEROME W. WALSH, et al., Defendants". (Doc. 16). Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a). "The designation of 'et al' in a complaint's caption, without an identification of the proper parties in the body of the complaint, does not satisfy the Rule 10(a) identification requirement." Allen v. AMTRAK, 2004 U.S. Dist. LEXIS 24846, *10-11 (E.D. Pa. 2004). Regardless, this Court concurs with Magistrate Judge Carlson that Plaintiff did not include either Defendant Gordon or Varner in any of his allegations. Accordingly, Defendants Gordon and Varner will be dismissed with prejudice and Plaintiff's objections on these grounds will be overruled.

Although Defendant Walsh was named in the caption and body of the amended complaint, the allegations against him also fail to state a cognizable claim. The amended complaint alleges that Plaintiff wrote to Defendant Walsh appealing the decisions made regarding grievance 370218[6] and complaining about the responses to Plaintiff's request slips to be returned to O-Block. (Doc. 16, pp. 6-7). Although Defendant Walsh is "in charge of SCI-Dallas", Magistrate Judge Carlson rightly determines that Plaintiff cannot sustain a claim based solely on Defendant Walsh's failure to adequately investigate Plaintiff's grievance or because Plaintiff is dissatisfied with his response. See Ransome v. Mooney, 2010 U.S. Dist. LEXIS 119333, 25-26 (M.D. Pa. 2010) (Carlson, M.J.) (finding that the complaint, which alleged that defendants had personal control, care, and custody over the plaintiff, failed to plead direct personal involvement by the defendants in the cell transfer decisions and was therefore inadequate to state the level of personal involvement necessary to trigger liability under section 1983), adopted by, 2010 U.S. Dist. LEXIS 119309 (M.D. Pa. 2010) (Rambo, J.). Moreover, because the decision to transfer an inmate from one housing unit to another does present a constitutional claim, there was no misconduct by a subordinate regarding which Defendant Walsh could be held liable as a supervisor. See Coley v. Chester Police Dep't, 2003 U.S. Dist. LEXIS 12207, *7 (E.D. Pa. 2003) (stating, "a prisoner has no constitutional right to be assigned to a particular cell or section of the prison"). The Magistrate Judge's recommendation to dismiss Defendant Walsh will be adopted and Plaintiff's objections[7] will be overruled.

---

[6]Grievance 370218 challenged the decision transferring Plaintiff to a different housing unit, allegedly in violation of the ADA. (Doc. 1, pp. 10-16).

[7]This case is factually distinguishable from Blyden, which Plaintiff cites in his objections. (Docs. 18, 19). In Blyden, the Court considered whether Karl Pfeil, the former Assistant Deputy

An independent examination of the amended complaint reveals that Plaintiff names two additional defendants for the first time, Norm Demming and Michael Kaye. (Doc. 16). Plaintiff alleges that he complained to Defendant Demming regarding his removal from O-Block, but Defendant Demming refused to return Plaintiff to his original housing unit. (Id. at pp. 2, 5-6). The amended complaint alleges that Defendant Kaye, Unit Manager, was able to correct the constitutional violations, but denied grievance 370218. (Id. at p. 6). However, Plaintiff claims only that Defendant Demming responded to his inmate request to staff member, but fails to allege any actual involvement by Defendant Demming in the removal decision. (Id. at pp. 2, 5-6); see also (Doc. 1, p. 12). Similarly, Plaintiff does not allege that Defendant Kaye participated in the decision to change Plaintiff's housing assignment. (Doc. 6, p. 6).

Plaintiff's allegations are insufficient to establish the personal involvement necessary to impose liability on Defendants Demming or Kaye. See Morales v. Beard, 2011 U.S. Dist. LEXIS 78308, *31-32 (M.D. Pa. 2011) (Blewitt, M.J.) (dismissing the claim against defendant Demming arising from his response to the prisoner's grievance regarding a prison transfer), adopted by, Morales v. Beard, 2011 U.S. Dist. LEXIS 78303 (M.D. Pa. 2011) (Caldwell, J.). A claim of supervisory liability against Defendants Demming and Kaye in the transfer decision also fails because Plaintiff does not have a constitutional right to be housed on any particular block.

---

Superintendent at Attica prison, was liable for his actions or inactions during and after the 1971 prison riots. Blyden, 186 F.3d 252. The Court explained that while Pfeil did not directly participate in any acts of retaliation, he "was one of two supervisory officials specifically responsible for preventing acts of retaliation." Id. at 259. There was testimony that he witnessed multiple brutal beatings, but did nothing to stop the assaults. Id. Additionally, "Pfeil decided to go home in the period immediately following the retaking, when the risk of violence was high." Id. Under these circumstances, the Court concluded that "Pfeil might be found liable for acts amounting to 'deliberate indifference' to 'reprisals' committed in the retaking of Attica." Id. at 265.

See Coley, 2003 U.S. Dist. LEXIS 12207 at *7. Defendants Demming and Kaye will therefore be dismissed.

Next, the amended complaint alleges that the DOC classification system creates a liberty interest because remaining on O-Block increases Plaintiff's chances for parole eligibility. (Doc. 16, pp. 2-6). As previously explained, a prisoner has no constitutional right to be housed in any particular cell or unit. See 37 Pa. Code § 93.11. Further, a "change in classification level does not involve a liberty interest protected by the Due Process Clause." Hinton v. Tennis, 2010 U.S. Dist. LEXIS 115665, *11 (E.D. Pa. 2010) (citing Moody, 429 U.S. at 88 n. 9)). An inmate also has no liberty interest in being released on parole. Kuehner v. Pennsylvania, 2010 U.S. Dist. LEXIS 53513, *18 (W.D. Pa. 2010). Consequently, the prison's classification system did not create a liberty interest. See Wilkerson v. Schafer, 2011 U.S. Dist. LEXIS 25916, *13-16 (M.D. Pa. 2011) (Jones, J.) (holding that an inmate's placement in the RHU, which led to an unfavorable parole recommendation and prevented him from completing required classes that resulted in the denial of parole, failed to implicate a protected liberty interest), distinguishing Wilkinson v. Austin, 545 U.S. 209 (2005); see also Brooks v. DiGuglielmo, 2008 U.S. Dist. LEXIS 99776, *25-26 (E.D. Pa. 2008) (concluding that because an inmate does not have a liberty interest in earning good time credits, his assignment to the RHU, which resulted in his inability to earn such credits and thereby decrease his parole eligibility date, did not deprive him of due process of law). This new claim will therefore be dismissed.

Liberally construed, the amended complaint also asserts a retaliation claim. Specifically, Plaintiff alleges that Defendants removed him from O-Block to "punish" him for falling off the

top bunk. (Doc. 16, p. 2). Plaintiff claims that he was transferred because of his "sickness."[8] (Id. at pp. 6-7).

Although retaliation may be actionable even when the retaliatory acts do not involve a liberty interest, the government's actions must be substantially motivated by a desire to punish an individual for exercising a constitutional right. See Allah v. Seiverling, 229 F.3d 220, 224-225 (3d Cir. 2000). To establish a retaliation claim, Plaintiff must prove:

> (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him.

Crosby v. Piazza, 2012 U.S. App. LEXIS 4084, *9-10 (3d Cir. 2012). The courts rarely embrace invitations by prisoners to infer retaliatory motives in cell assignments. See Leaphart v. Palakovich, 2011 U.S. Dist. LEXIS 151969, *39 (M.D. Pa. 2011) (Carlson, M.J.), adopted by, 2012 U.S. Dist. LEXIS 6918 (M.D. Pa. 2012) (Kosik, J.).

Initially, this Court finds that Plaintiff has not alleged that he was engaged in constitutionally protected conduct. Cf. Bendy v. Ocean County Jail, 341 Fed. Appx. 799, 802 (3d Cir. 2009) (The inmate alleged that "he engaged in constitutionally protected conduct when he filed grievances with the prison and threatened a lawsuit to challenge the prison's failure to provide prompt medical treatment."); see also Leaphart, 2011 U.S. Dist. LEXIS 151969 at *30-42 (finding that to the extent the plaintiff attempted to premise his retaliation claim on an alleged

---

[8] Plaintiff alleges that his removal was discriminatory in violation of the ADA. (Doc. 16, p. 7). However, this Court previously advised Plaintiff that he cannot maintain an ADA claim because neither his age nor injuries meet the definition of "disability." (Doc. 14, p. 12) (citing 42 U.S.C. § 12102(A)). The amended complaint adds nothing to the allegations which would sustain an ADA claim. Accordingly, Plaintiff's ADA claim will be dismissed.

constitutional right to a particular housing arrangement, the claim failed to state a cause of action). Furthermore, after the fact knowledge of allegedly retaliatory transfers does not justify the imposition of liability. White v. Bledsloe, 368 Fed. Appx. 273, 275 (3d Cir. 2010); see also Smith v. Merline, 797 F. Supp. 2d 488, 505 (D.N.J. 2011) (dismissing the warden, to whom the inmate complained, for lack of personal involvement because after-the-fact notice of a retaliatory act does not amount to actual knowledge and acquiescence in a past wrong). As discussed herein, Plaintiff does not allege that Defendants Walsh, Demming, or Kaye were directly involved with the decision to remove him from O-Block, accordingly, the amended complaint fails to adequately state a retaliation claim. See Smith, 797 F. Supp. 2d at 505 (concluding that merely providing evidence that a defendant who worked in the classifications department knew of the inmate's transfers, without any evidence over that defendant's particular involvement is insufficient to support a retaliation claim). Plaintiff's retaliation claim will be dismissed.

**Conclusion**

After de novo review, this Court will adopt the R&R. Plaintiff did not name Defendants Gordon and Varner in the caption or in the body of the amended complaint. The amended complaint also failed to allege the personal involvement of Defendants Walsh, Demming, or Kaye. Moreover, because the decision to remove Plaintiff from O-Block did not violate his constitutional rights, there was no misconduct regarding which these supervisory Defendants could be liable. Plaintiff failed to establish a cause of action for retaliation and the amended complaint added nothing to support an ADA claim.

Although a pro se litigant should generally be allowed to amend his complaint to cure any deficiencies, because Plaintiff was previously afforded such an opportunity and he was cautioned

against raising claims in the amended complaint that fail as a matter of law, this Court finds that allowing another amendment would be futile. See (Doc. 14, p. 14). Defendants Gordon, Varner, Walsh, Demming, and Kaye will be dismissed with prejudice.

Additionally, all claims, except whether Defendant Goyne improperly assigned Plaintiff to a top bunk despite his age, will be dismissed with prejudice. While an amended complaint usually supersedes any previous complaints, this Court finds that the original complaint stated a claim against Defendant Goyne, but the amended complaint is lacking. Accordingly, this Court agrees with Magistrate Judge Carlson that the original complaint should be served on Defendant Goyne. The amended complaint will therefore be stricken to avoid confusion.

A separate Order will be issued.

Date: May 3, 2012

United States District Judge