# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN WALKER, | : | |
| Plaintiff | : | Civil No. 3:11-CV-1750 |
| v. | : | (Judge Nealon) |
| JEROME W. WALSH, et al., | : | (Magistrate Judge Carlson) |
| Defendants | : | |

## REPORT AND RECOMMENDATION

Now pending in the above-captioned action is a motion to dismiss filed by the single remaining Defendant in this action, Michael Goyne, a unit manager at the State Correctional Institution at Dallas (SCI-Dallas). Defendant Goyne is the manager of the unit at SCI-Dallas where Plaintiff Edwin Walker claims he was injured in May 2011, when he fell from the upper bunk to which he was assigned. Plaintiff claims in this lawsuit that Goyne violated a Department of Corrections age-based policy by placing him in an upper bunk bed because Plaintiff was more than 60 years old at the time he was transferred to Goyne's unit, which Plaintiff describes as an "outside unit within the institution." (Doc. 1, at 3.) Plaintiff claims that his fall from the top bunk rendered him unconscious, and left him with two broken ribs and a laceration to his face that required four sutures to close. Plaintiff claims that Goyne was deliberately indifferent to a risk of serious harm that Plaintiff faced as a result of this top bunk

placement, and that Goyne was further indifferent to Plaintiff's serious medical needs following his fall.

In a case management order that we issued in this case, we observed that Goyne appeared to be asserting "a number of claimed legal defenses in the matter" and suggested that "if there are threshold legal issues that should be identified and addressed in this case, the parties are strongly encouraged to file motions addressing these issues at the earliest possible time." (Doc. 26.) Goyne has taken this invitation to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and seeks dismissal of the remaining claims on the grounds that Plaintiff failed to exhaust his available administrative remedies, which he is required to do pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Additionally, Goyne seeks dismissal of any claims against him in his official capacity, as such claims are barred by the Eleventh Amendment to the United States Constitution. Plaintiff has filed a brief opposing this motion. (Doc. 35.)

Upon consideration, we conclude that with the exception of Plaintiff's claims against Goyne in his official capacity, the complaint in this case cannot be dismissed at this time due to Walker's alleged failure to exhaust his administrative remedies. As discussed below, the failure to exhaust administrative remedies is an affirmative defense that the Defendant bears the burden of proving at trial, and except in cases

2

where it is abundantly clear that the Plaintiff has failed to exhaust, arguments regarding exhaustion should rarely be resolved on motions to dismiss. In this case, Goyne would have the Court rely upon evidence in the form of affidavits to find that Walker failed to exhaust. We believe the Court should decline the Defendant's invitation to consider matters outside of the pleadings at this stage of the litigation, and instead should direct the Defendant to renew this argument in a properly supported motion for summary judgment if he believes this defense is meritorious and capable of resolution prior to trial.

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for assessing the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently described the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

3

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In

Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The

5

> District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); see also Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Thus, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." Pension Benefit, 998 F.2d at 1196. In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to

dismiss into one for summary judgment."). However, a court may not rely on other parts of the record in rendering a decision on a motion to dismiss. Jordan, 20 F.3d at 1261.

When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the court's intent to do so. Id.; Garcia v. Newtown Twp., No. 09-CV-3809, 2010 U.S. Dist. LEXIS 20380, 2010 WL 785808, at *3 (E.D. Pa. March 5, 2010). However, in cases where a motion to dismiss has been filed with an alternative request for summary judgment, the Court of Appeals of the Third Circuit has found that the alternative filing is sufficient to "place the parties on notice that summary judgment might be entered." Latham v. United States, 306 F. App'x 716, 718 (3d Cir. 2009) (citing Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996)).

In this case, Goyne has framed his motion only as one seeking dismissal of Plaintiff's claims pursuant to Rule 12(b)(6), and we do not find that this motion was sufficient to place Walker, a *pro se* Plaintiff, on notice that the motion might be converted to one seeking summary judgment, in accordance with the different

7

procedural requirements prescribed by Rule 56 of the Federal Rules of Civil Procedure. Thus, in accordance with the standards outlined above, we decline to consider the additional evidentiary materials that Goyne has submitted in addition to his motion and brief, and instead confine our analysis to the allegations set forth in the complaint.

IV. **DISCUSSION**

    **A.    To the Extent Plaintiff Has Brought Claims Against Defendant Goyne in his Official Capacity, Such Claims Should Be Dismissed**

Defendant Goyne argues that any claims that Plaintiff has brought against Goyne in his official capacity must be dismissed because they are barred by the Eleventh Amendment to the United States Constitution. As an initial matter, it is not clear that Plaintiff has brought any claims against Goyne in his official capacity. However, to the extent the complaint could be read to include official-capacity claims for alleged constitutional violations, such claims should be dismissed.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C.A. § 1983. As the statute makes clear at the outset, therefore, a claim brought pursuant to § 1983 must be brought against a "person" acting "under color" of law. In cases of suits against state officials sued in their official capacities, the Supreme Court has held that such "official capacity" parties are not "persons" under § 1983. See Melo v. Hafer, 912 F.2d 628, 634 (3d Cir. 1990) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2312 (1989)). As such, a party sued in his official capacity is not a person capable of being sued under § 1983. Id.

When a plaintiff sues a state actor in his individual or personal capacity, such a suit "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). In contrast, a claim brought against a state actor in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. A suit brought against an individual state actor in his official capacity, therefore, is deemed to be a suit against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against

the State itself." Id. (citing Kentucky v. Graham, 473 U.S. 165-66 (1985)). The Eleventh Amendment to the United States Constitution has been interpreted to bar suits for money damages by private parties in federal court against states or state agencies. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Melo v. Hafer, 912 F.2d 628, 635 (1990).

In sum, Plaintiff's claims against Goyne in his individual capacity are actions against the individual and not the state and, therefore, any claims brought against Goyne in his personal or individual capacity are properly brought under § 1983. In contrast, to the extent Plaintiff is endeavoring to sue Goyne in his "official capacity," such claims are not proper under § 1983, and are otherwise barred by the Eleventh Amendment and should be dismissed.

> **B. Plaintiff's Claims Against Defendant Goyne Should Not Be Dismissed at This Time on the Grounds that Plaintiff Failed to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies prior to filing suit. See 42 U.S.C. § 1997e(a); Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002). Failure to exhaust remedies is an affirmative defense that the defendant bears the burden of proving, and we are thus to "determin[e] whether a prisoner properly exhausted a

claim . . . by evaluating compliance with the prison's specific grievance procedures." Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

The PLRA requires that inmates exhaust the administrative remedies that are available to them prior to bringing suit in federal court. 42 U.S.C. § 1997e(a). Specifically, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983) or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available have been exhausted." Id.

"The PLRA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies 'as are available.'" Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing 42 U.S.C. § 1997e(a) and Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000)). The exhaustion requirement of the PLRA is absolute, except in those circumstances where no administrative remedy is available for an inmate to use. See Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). "'Available' remedies are those 'capable of use' or those 'at hand.'" Ricketts v. AW of Unicor, 2008 WL 1990897, *5 (M.D. Pa. 2008) (citing Brown, 312 F.3d at 113).

Failure to exhaust administrative remedies is an affirmative defense that must be pleaded and proved by a defendant. Jones v. Bock, 549 U.S. 199, 211 (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). The Third Circuit Court of Appeals has thus instructed although in "appropriate cases" an inmate's failure to exhaust available administrative remedies may be raised as a basis to dismiss a complaint on the pleadings, Brown, 312 F.3d at 111, failure to exhaust is an affirmative defense that must be proven by the defendant. Jones, 549 U.S. at 211; Ray, 285 F.3d at 295. Moreover, "[i]f there is a question as to availability of administrative remedies, summary judgment or dismissal is inappropriate." Mendez v. Sullivan, No. 3:11-CV-287, 2012 WL 760724, *4 (M.D. Pa. Mar. 7, 2012). See also, e.g., Brown, 312 F.3d 109 (3d Cir. 2012) (dismissal inappropriate where availability of administrative remedies was disputed because prison officials told inmate to wait to file a grievance until after completion of an investigation); Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003) (district court erred by dismissing an inmate's complaint when he claimed that administrative remedies were unavailable because prison officials denied him necessary grievance forms); Kantamanto v. King, 651 F. Supp. 2d 313 (E.D. Pa. 2009) (summary judgment inappropriate because disputed issues of material fact existed as to whether an inmate was denied access to proper forms, whether inmate

12

knew he could appeal grievance through a letter to the Commissioner, and whether the letter was sent).

In this case, Defendant Goyne urges the Court to dismiss Plaintiff's claims on the grounds that Plaintiff failed to exhaust the administrative remedies available to him at SCI-Dallas prior to filing this suit. In support of this argument, Goyne has attached documents that were apparently intended to support his contention regarding exhaustion. Goyne did not raise this argument in a properly supported motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure; instead, he did so within the more limited vehicle of a motion to dismiss pursuant to Rule 12(b)(6). Moreover, Goyne did not move alternatively for summary judgment, or request that we construe the motion as seeking summary judgment, and we did not convert Goyne's motion to dismiss into one for summary judgment, and require Plaintiff to respond accordingly.[1] As such, Walker responded to the Defendant's

---

[1] Rule 12(d) of the Federal Rules of Civil Procedure provides that if, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and all parties "must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

motion by defending the adequacy of his pleading, and largely ignored Defendant's arguments regarding administrative remedies.[2]

As a threshold matter, because in ruling on a motion to dismiss we are generally confined to the allegations set forth in the pleadings and are to eschew matters extraneous to the pleadings, we find that Defendant's motion – which exclusively seeks dismissal under Rule 12(b)(6) – is flawed. Defendant's failure to move for summary judgment on this affirmative defense is procedurally problematic, and should cause the District Court to deny the motion at this time.

Furthermore, even if we were to accept Defendant's tacit invitation to convert his motion into one for summary judgment under Rule 56, we would nevertheless be constrained to recommend that the District Court deny the motion because the evidentiary material that Defendant attempted to submit in support of his motion was apparently improperly filed, and is illegible. (Doc. 29.)

Finally, we observe that in his amended complaint in this litigation, Plaintiff included some limited factual allegations indicating that at some point following this

---

[2] In one of his filings, Plaintiff asserts that he "did exhaust administrative remedies with the grievance system of which is not required." (Doc. 32, at 3.) Although the meaning of this contention is not entirely clear, at this stage of the litigation we interpret Plaintiff to be asserting that he did exhaust his administrative remedies that were available at SCI-Dallas prior to filing this lawsuit.

14

incident, he exchanged correspondence with an official at SCI-Dallas in which he appears to complain chiefly about his transfer to a particular unit at the prison, and also asserts that the transfer was related in some way to his improper placement in an upper bunk, and his subsequent fall and injury. (Doc. 16.) In addition, Plaintiff has elsewhere represented that he did exhaust his administrative remedies. (Doc. 32, at 3.) Although we question whether this alleged correspondence satisfies the Department of Corrections' grievance policies, we nevertheless find that the inclusion of these allegations provides some further substantive basis to recommend that Defendant Goyne's motion to dismiss be denied, and that he be directed to renew this argument through a properly supported motion for summary judgment. If he does so, Plaintiff will be placed directly on notice regarding this argument, and the evidence in support of it. Upon the filing of such a fully supported motion, Plaintiff will bear the burden of responding with evidence to demonstrate that he exhausted his remedies, that administrative remedies were unavailable to him, or otherwise that his failure to exhaust should for some other reason be excused.

## IV.     **RECOMMENDATION**

Accordingly, for the foregoing reasons IT IS HEREBY RECOMMENDED THAT Defendant Goyne's motion to dismiss (Doc. 27.) be GRANTED in part and DENIED in part. It is recommended that the motion be granted insofar as it seeks the

dismissal of any claims brought under 42 U.S.C. § 1983 against Defendant Goyne in his official capacity.

It is further recommended that the motion be denied with respect to Defendant's argument that Plaintiff failed to exhaust his administrative remedies. To the extent Defendant wishes to renew the argument regarding Plaintiff's asserted failure to exhaust, Defendant should be directed to do so through a properly filed motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

> The Parties are further placed on notice that pursuant to Local Rule 72.3: Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of September 2012.

                                            ***S/Martin C. Carlson***
                                            Martin C. Carlson
                                            United States Magistrate Judge