UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN WALKER,

   Plaintiff

v.

JEROME W. WALSH, et al.,

   Defendants

CIVIL ACTION NO. 3:11-CV-1750

(Judge Nealon)
(Magistrate Judge Carlson)

FILED
SCRANTON

DEC 0 7 2012

MARY E. D'ANDREA, CLERK
Per_____
   DEPUTY CLERK

## MEMORANDUM

On September 20, 2011, Plaintiff, Edwin Walker, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 claiming that he, a sixty-eight (68) year old male, was improperly assigned to a top bed bunk while housed at the State Correctional Institution in Dallas, Pennsylvania ("SCI- Dallas") in violation of prison policy. (Doc. 1). Plaintiff alleged that he suffered numerous injuries when he fell out of bed. (Id.). He claimed that Defendants were deliberately indifferent by failing to protect him and intentionally interfering with medical treatment, and conspired to deny his grievances. (Id.). Plaintiff alleged a violation of the Americans With Disabilities Act ("ADA") and claimed that he was wrongfully removed from his housing block. (Id. at pp. 3, 5). Named as Defendants were Jerome Walsh, Superintendent at SCI- Dallas; Gary Gordon, a supervisory major of the Unit Managers at SCI- Dallas; Michael Goyne, Unit Manager at SCI- Dallas; and Dorian Varner,[1] the chief grievance officer for the Pennsylvania Department of Corrections ("DOC"). (Id. at p. 2).

On September 21, 2011, Magistrate Judge Martin C. Carlson, having screened[2] the

---

[1] Incorrectly spelled "Verner" in the complaint.

[2] Kennedy v. S.C.I. Rockview Emples., 2010 U.S. Dist. LEXIS 123545, *4 (M.D. Pa. 2010) (Caputo, J.) ("Under 28 U.S.C. § 1915A, a court shall review a complaint filed by a

complaint pursuant to the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), issued a Report and Recommendation ("R&R") concluding that Plaintiff asserted a claim against Defendant Goyne but failed to state a claim against the other Defendants. (Doc. 6). The R&R recommended that the claims against Defendants Walsh, Gordon, and Varner be dismissed without prejudice and that Plaintiff be permitted to file an amended complaint. (Id.). On February 1, 2012, after reviewing Plaintiff's objections to the R&R, this Court adopted the Magistrate Judge's recommendations. (Docs. 14, 15). This Court agreed that only Plaintiff's allegation that Defendant Goyne failed to protect him by not placing him in a bottom bunk, which led to Plaintiff's injuries, was sufficient to survive the motion to dismiss stage. (Id. at p. 9). This Court directed Plaintiff to file an amended complaint within twenty (20) days. (Doc. 15).

On February 22, 2012, Plaintiff filed an amended complaint. (Doc. 16). Magistrate Judge Carlson issued an R&R on March 6, 2012, recommending that the amended complaint be dismissed with prejudice as to Defendants Walsh, Gordon, and Varner, but that the original complaint be served on Defendant Goyne. (Id.). On May 3, 2012, this Court adopted the R&R and overruled Plaintiff's objections. (Docs. 18-21). This Court agreed with the Magistrate Judge that while the amended complaint was insufficient, the original complaint stated a claim against Defendant Goyne for failing to protect Plaintiff by assigning him to a top bunk despite his age. (Docs. 20-21). The original complaint was then served on Defendant Goyne.

On August 7, 2012, Defendant Goyne filed a motion to dismiss, arguing that the claim for

---

prisoner in a civil action and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

2

money damages against him in his official capacity is barred by the Eleventh Amendment and that Plaintiff failed to exhaust administrative remedies. (Docs. 27-29). On September 17, 2012, Plaintiff filed a brief in opposition to the motion. (Doc. 35). On September 27, 2012, Magistrate Judge Carlson issued an R&R recommending that the motion to dismiss be granted in part and denied in part. (Doc. 36). The Magistrate Judge recommends that claims against Defendant Goyne in his official capacity be dismissed, but that Defendant's exhaustion argument be denied without prejudice to renew in a motion for summary judgment. (Id.). No objections to the R&R have been filed and, for the reasons set forth below, it will be adopted.

**Standards of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under de novo or any other standard. See Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 337 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

In rendering a decision on a motion to dismiss, a court should not inquire "whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-58 (2007)); see also 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Id.; FED. R. CIV. P. 8(a)(2).

**Discussion**

 A. **Official Capacity Claims**

Magistrate Judge Carlson concludes that it is not clear whether Plaintiff brings any claims against Defendant Goyne in his official capacity, but to the extent he does, they must be dismissed as barred by the Eleventh Amendment. (Doc. 36, pp. 8-10). The R&R explains that

4

42 U.S.C. § 1983 provides for a cause of action against a "person" acting "under color" of law, but "official capacity" parties are not "persons" under section 1983. (Id.), citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (concluding that a suit brought against a state official in his official capacity is deemed to be a suit against the state). Magistrate Judge Carlson states that the Eleventh Amendment "has been interpreted to bar suits for money damages by private parties in federal court against states or state agencies." (Id.), citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Melo v. Hafer, 912 F.2d 628, 634 (3d Cir. 1990) (holding that the Eleventh Amendment bars a suit against state officials in their official capacities).

This Court accepts Magistrate Judge Carlson's findings and will adopt his recommendation to dismiss any claims brought against Defendant Goyne in his official capacity.

**B.     Failure to Exhaust**

The R&R explains that under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners are required to present their claims through an administrative grievance process before seeking redress in federal court. See (Doc. 36, pp. 10-12) (citing 42 U.S.C. § 1997e(a)). The Act provides: "[n]o action shall be brought with respect to prison conditions under ... 42 U.S.C. 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Magistrate Judge Carlson clarifies, however, that the "PLRA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies 'as are available.'" (Doc. 36) (quoting Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002)); Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir.

2004) (discussing the procedural default component of the PLRA); Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.").

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. (Doc. 36) (citing Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)). Failure to exhaust is an affirmative defense that must be pled and proven by the defendants. (Id.), citing Jones v. Bock, 549 U.S. 199, 211-12 (2007). Importantly, Magistrate Judge Carlson states, "'[i]f there is a question as to availability of administrative remedies, summary judgment or dismissal is inappropriate.'" (Doc. 36), quoting Mendez v. Sullivan, 2012 U.S. Dist. LEXIS 30643 (M.D. Pa. 2012) (Kosik, J.), affirmed by 2012 U.S. App. LEXIS 14598 (3d Cir. 2012); Brown, 312 F.3d 109; Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003).

Magistrate Judge Carlson determines that Defendant Goyne improperly relies on attached documents to support his motion to dismiss for failure to exhaust. (Doc. 36, pp. 13-15). For example, Defendant Goyne submits a declaration of Leilani Sears stating that Plaintiff exhausted only one (1) grievance through all levels of review. See (Docs. 27-29). The Magistrate Judge concludes that in ruling on a motion to dismiss, the court is "generally confined to the allegations set forth in the pleadings" and where a party seeks to include extraneous matters, the motion should be treated as one for summary judgment. (Doc. 36). Before a motion can be construed as seeking summary judgment, however, all parties "must be given reasonable opportunity to present all the material that is pertinent to the motion." (Id.) (discussing FED. R. CIV. P. 12(d)). The Magistrate Judge finds that because Defendant Goyne failed to move for summary judgment, Plaintiff's opposition brief focuses on the adequacy of the pleadings and not Defendant's

6

exhaustion argument. Accordingly, the R&R recommends that the motion to dismiss, in so far as it seeks dismissal for failure to exhaust, be dismissed without prejudice to renew in a properly filed motion for summary judgment.

Further, Magistrate Judge Carlson determines that because Plaintiff alleges he did exhaust administrative remedies, the matter may not be decided on a motion to dismiss. (Doc. 36). Specifically, the amended complaint alleges that Plaintiff should have never been on the top bunk. See (Doc. 16, pp. 2, 5). There is also mention of this claim in Plaintiff's Inmate Request to Staff Member dated June 10, 2011. See (Doc. 1); (Doc. 29, p. 11). The Magistrate Judge questions whether this alleged correspondence would satisfy the prison's grievance policies,[3] but finds that it does provide sufficient basis to deny the motion to dismiss. (Doc. 36, p. 15).

This Court agrees with the R&R. See Collins v. DeRose, 2009 U.S. Dist. LEXIS 24883, *5 (M.D. Pa. 2009) (Caldwell, J.) (concluding that "[w]hile Ray recognized the possibility of success on a 12(b)(6) motion for failure to exhaust in appropriate situations, this is not such a situation" because the defendants' argument was based on the plaintiff's failure to allege exhaustion in the complaint), citing Ray, 285 F.3d 287. Defendant Goyne's motion to dismiss for failure to exhaust will be dismissed without prejudice.

**Conclusion**

---

[3]Although not deciding the issue, this Court also doubts that this correspondence is sufficient to satisfy "proper" exhaustion. See Germosen v. Reno, 2000 U.S. Dist. LEXIS 23146, *16-17 (M.D. Pa. 2000) (Vanaskie, J.) (holding that the filing of "grievances concerning the facts relating to the instant complaint" is not sufficient to satisfy the exhaustion requirement; rather, a prisoner must exhaust administrative remedies on each claim raised in his complaint); Ramirez v. Martinez, 2009 U.S. Dist. LEXIS 72056, *9 (M.D. Pa. 2009) (Mannion, M.J.) (stating that "each claim" must be exhausted at every level of review), adopted by 2009 U.S. Dist. LEXIS 72226 (M.D. Pa. 2009) (Jones, J.).

This Court adopts Magistrate Judge Carlson's conclusion that any claims brought against Defendant Goyne in his official capacity are not proper under section 1983 and must be dismissed as barred by the Eleventh Amendment. This Court also agrees with the Magistrate Judge's findings that in light of Plaintiff's allegations that he did exhaust administrative remedies, Defendant Goyne's motion to dismiss based on failure to exhaust must be denied, without prejudice to his right to renew the claim in a properly filed motion for summary judgment. The R&R will be adopted.

A separate Order will be issued.

**Date:** December 7, 2012

**United States District Judge**