UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN WALKER, | : |
| Plaintiff | : CIVIL ACTION NO. 3:11-CV-1750 |
| | : |
| v. | : (Judge Nealon) |
| | : (Magistrate Judge Carlson) |
| JEROME W. WALSH, et al., | : |
| Defendants | : |

FILED
SCRANTON
MAY 06 2013
PER_____
DEPUTY CLERK

## MEMORANDUM

On September 20, 2011, Plaintiff, Edwin Walker, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that while he was housed at the State Correctional Institution in Dallas, Pennsylvania ("SCI- Dallas"), he, a sixty-eight (68) year old male, was improperly assigned to a top bed bunk and suffered numerous injuries when he fell out of bed. (Doc. 1). He raised multiple claims for relief and named four (4) employees of SCI- Dallas and the Pennsylvania Department of Corrections ("DOC").

Subsequently, all but one claim and Defendant were dismissed. See (Docs. 17, 20-21). Specifically, Plaintiff was allowed to proceed on his allegation that Defendant Michael Goyne, Unit Manager at SCI- Dallas, failed to protect Plaintiff by assigning him to a top bunk despite his age. (Id.).

On August 7, 2012, Defendant Goyne filed a motion to dismiss, arguing that the request for money damages against him in his official capacity is barred by the Eleventh Amendment, and that Plaintiff failed to exhaust administrative remedies. (Docs. 27-29). This motion was granted in part and the official capacity claims against Defendant Goyne were dismissed. (Docs. 36, 42-43). But, because Defendant Goyne relied on documents extraneous to the pleadings to

support his exhaustion argument, the motion to dismiss based on failure to exhaust was denied without prejudice to his right to renew the claim in a properly filed motion for summary judgment. (Id.).

On January 3, 2013, Defendant Goyne filed a motion for summary judgment, supporting brief, statement of facts, and exhibits. (Docs. 44-47). Plaintiff failed to file an opposing brief or respond to the statement of facts.

On April 8, 2013, Magistrate Judge Martin C. Carlson filed a Report and Recommendation ("R&R") recommending that the complaint be dismissed. (Doc. 49). The Magistrate Judge explains that pursuant to Local Rules, the summary judgment motion should be deemed unopposed and granted. (Id. at pp. 6-8) (citing M.D. Pa. L.R. 7.6). Magistrate Judge Carlson concludes that Rule 41(b) of the Federal Rules of Civil Procedure also supports dismissal of the complaint. (Doc. 49, pp. 8-13) (discussing the factors in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). Next, the Magistrate Judge determines that Plaintiff failed to exhaust administrative remedies. (Doc. 49, pp. 14-20) (citing, inter alia, Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004)). Finally, Magistrate Judge Carlson analyzes the merits of Plaintiff's claim and finds that "the undisputed facts simply do not permit a finding of deliberate indifference to inmate Walker's safety by Goyne." (Doc. 49, pp. 20-24) (quoting Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001)).

Plaintiff has not filed objections to the R&R and, notably, it has been approximately six (6) months since the last communication from Plaintiff. After review, and in the absence of objections, the R&R will be adopted in its entirety. See 28 U.S.C. § 636(b)(1)(C); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (holding that in the absence of

2

objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). Defendant Goyne's motion for summary judgment will be granted and the complaint will be dismissed.

A separate Order will be issued.

**Date:** May 3, 2013

**United States District Judge**